UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                    CASE NO.: 95-505-CR-UNGARO-BENAGES

LUIS ALBERTO ASCANIO-BLANCO,
                                       Magistrate Judge Brown
    Defendant.

_____/



FILED by _____ D.C.

SEP 9 - 1996

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### DEFENDANT'S CORRECTED OBJECTIONS TO THE PSI

COMES NOW the Defendant LUIS ALBERTO ASCANIO-BLANCO by and through his undersigned counsel and pursuant to Administrative Order 95-02 and 90-26 hereby files these, his objections to the Presentence Investigation Report (hereinafter "PSI") and as grounds therefore would state as follows:

1.  That on June 27, 1996 the Defendant pled guilty to Count III of the indictment in this case pursuant to a written plea agreement with the government.

2.  That currently, sentencing is set in this matter for **Tuesday, September 17, 1996** at 9:00 a.m. in Miami.

3.  Initially, the defendant would object to paragraph 29 of the PSI where the probation officer fails to award <u>any</u> points to the Defendant for acceptance of responsibility.  On August 16, 1996 the Defendant, through counsel, forwarded a written letter to the probation office wherein he accepted responsibility for his actions.  The PSI was made available on August 19, 1996 and it appears that the letter and the PSI most likely crossed in the mail.  As a result, when combined with his guilty plea, under

1

§3E1.1 the Defendant should be awarded a three level decrease for acceptance of responsibility.

4. That the Defendant would object to paragraph 25 of the PSI wherein the probation officer seeks to enhance the Defendant four (4) levels under §3B1.1(a) of the guidelines as "the organizer, manager and supervisor of a criminal activity that involved five or more participants".

The relevant portion of the United States Sentencing Guidelines section that the probation officer and the Court attributed to the Defendant is that "(i)f the Defendant was the organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels".

Once the increase is sought, the function of the District Court is determine the role that the Defendant played in the criminal activity and also determine the number of participants were involved in this activity. United States vs. Baggett, 954 F.2d 674, 678 (11th Cir. 1992).

This Eleventh Circuit has further held that the plain language of §3B1.1 requires as a threshold determination "both a leadership role and an extensive operation. United States vs. Yates, 990 F.2d 1179 (11th Cir. 1993). However, the Yates court was quick to point out that "without proof of the Defendant's leadership role, evidence of the operations extensiveness is insufficient as a matter of law to warrant the adjustment. Id. at 1181-1182.

The evidence that this Court should look in addition to the

2

PSI of the Defendant is the Defendant's statement to the probation officer (as well as to the government) regarding his involvement in this case. It is the Defendant's position that his role was merely to help the person who actually owned and sent the cocaine to Miami. The defendant, who was residing in Venezuela at the time, was informed by the owner of the drugs that they had been sent to Miami already, however, no one in Miami was capable of picking up the boxes from the airport.

Mr. Ascanio-Blanco was hired by the owner to arrange the pick up of the already imported narcotics. Unbeknownst to the Defendant, agents had already intercepted the boxes and engaged in the controlled pick up and delivery of the boxes. Therefore, the role of this Defendant was as a person who was enlisted by the actual owner (Mr. Manuel Quiros-Montoya) to aid in the retrieval of the boxes. His role was nothing more than a middle man and can be analogous to that of a broker. While Mr. Ascanio-Blanco gave the details of the pick-up, he was clearly acting on the owner's orders and directions. Therefore, he should be entitled to absolutely no adjustment for 3 in the offense.

Courts have held that the wording of §3B1.1 and the application notes that follow indicate that some degree of control or organizational authority over others is required in order for the Defendant to be considered an "organizer, leader, manager and supervisor." United States vs. Mares-Molina 913 F.2d 770, 773 (9th Cir. 1990); United States vs. Fuller, 897 F.2d 1217, 1220 (1st Cir. 1990)(the Defendant must have exercised some control over others

3

involved in the commission of the offense or he must have been responsible for organizing others for the purpose of carrying out the crime). This requirement is implicit in the terms "organizer, leader, manager and supervisor", each of which suggests the presence of underlings or subordinates. <u>United States vs. Carrillo</u>, 888 F.2d 117 (11th Cir. 1989)

In <u>United States vs. Vargas</u>, 16 F.3d 155, 160 (7th Cir. 1994), the Court held that "(s)upplying drugs and negotiating the terms of the sale do not by themselves justify a §3B1.1 increase, for these things do not indicate that the person who does them has a greater degree or responsibility for putting together the drug operation or a particular deal than anyone else involved, including the customer. See <u>United States vs. Brown</u>, 944 F.2d 1377, at 1381-2, 1385-6 (7th Cir. 1991). The Court further held that Vargas' "ability to supply cocaine (including his access to a storage facility), to sell it on credit, and to negotiate its price, did not put him in the role of manager or supervisor..." <u>United States vs. Vargas</u>, 16 F.3d at 160.

The role of Vargas, therefore, was therefore much greater and much more extensive that the Defendant. The responsibility and the authority that this Defendant exercised, in light of all of the above stated activity, was non-existent compared to that of Vargas.

There is nothing, short of primarily being one of the offload crew of multiple importations, to show that the Defendant exercised control or supervisory powers over the operation as a whole or over any of its individual members. <u>United States vs. Young</u>, 39 F.3d

4

1561, 1569 (11th Cir. 1994)

It remains the Defendant's contention that the three level upward adjustment under §3B1.1(b) is clearly inapplicable to this defendant and his total offense level should be reduced by three (3) levels.


Recently, the Eleventh Circuit examined a closely related case where the Defendant was found <u>not</u> to be subject to any organization enhancement where that Defendant had provided, in the conspiracy, the full transportation fee of $63,000.  See <u>United States vs. Lozano-Hernandez</u>, 89 F.3d 785, 790 (11th Cir. 1996).  In the government's version, the Defendant here helped to arrange the payment of the transportation fee of $50,000.  Admittedly, unlike the cited case, the money did not belong to the Defendant.

Therefore, the probation officer committed error when she assessed the Defendant a four (4) level increase for his role in the offense where no increase was warranted.

5.  That the Defendant would object to paragraph 22 regarding the probation officer's assessment that the Defendant should be held responsible for in excess of fifty (50) kilograms of cocaine in this case.  The laboratory report in this case, as correctly outlines in paragraph 13 of the PSI states that **"49.54 kilograms"** of cocaine were seized.

In <u>United States vs. Podlog</u>, 35 F.3d 699 (2nd Cir. 1994), defendant Genna was involved in one transaction where, although 400 grams were requested, only 125 grams of heroin were actually

LAW OFFICES OF PHILIP R. HOROWITZ
SOUTHPARK CENTRE • SUITE 328 • 12651 SOUTH DIXIE HIGHWAY • MIAMI, FLORIDA 33156 • (305) 232-1949

delivered.   The court found that in cases where the negotiated amount differs from the amount actually transacted, and there is an indication that the transaction is complete, (i.e. money is exchanged), the amount negotiated becomes irrelevant for sentencing purposes.  See Podlog, supra at 708.  Particularly, they looked to application note 12 of §2D1.1 of the guidelines which indicates that the amount negotiated may be counted where there is "an uncompleted distribution".

A similar result must occur in this case.   In the present case, there is no uncompleted transaction.  Rather the cocaine that was actually delivered to the undercover agent amounted to the full and total efforts of the Defendant to secure an unobtainable amount.   Therefore, the actual wants and desires of the agent should be irrelevant for guideline purposes in this case.

Further, the Defendant would contend that, even if this court follows a §2D1.1 analysis, there is insufficient evidence to prove that the Defendant had the requisite intent and ability to produce the amount requested.

§2D1.1 states, in its material part, "where the Court find that the Defendant did not intend to produce and was not reasonably capable to producing the negotiated amount, the court shall exclude from the guideline calculation the amount that it finds the defendant did not intend to produce and was not reasonably capable of producing".

The November 1, 1995 amendments to the sentencing guidelines and amendment to §2D1.1 specifically application note 12 are

6

applicable here.  The new amendment of the issue of ability to produce and the amount attributable to a defendant now reads as such:

> "In an offense involving an agreement to sell a controlled substance, the agreed-upon quantity of the controlled substance shall be used to determine the offense level **unless the sale is completed and the amount delivered more accurately reflects the scale of the offense.** (emphasis added)

The amendment then proceeds to give two examples which indicate that in a case such as this one, an the actual delivery should prevail while in a reverse sting, where the government controls and delivers the contraband, the controlled substance negotiated for would more accurately reflect the amount.

The new notes go on to state:

> "If, however, the Defendant establishes that he or she did not intend to provide, or was not reasonably capable of providing, the agreed upon quantity of controlled substance, the court shall exclude from the offense level determination, the amount of controlled substance that the defendant establishes that he or she did not intend to provide or was not reasonably capable of providing."

The Eleventh Circuit in <u>United States vs. Tillman</u>, 8 F.3d 17 (11th Cir. 1993) has held the government to a stricter burden of proof, where at page 19, the court found that the government has the burden of persuasion as to the Defendant's ability and intent to produce.

The evidence plainly shows that the delivery of the 49.54 kilograms took place on June 14, 1995 and the Defendant's arrest did not come until <u>two weeks later</u> on June 29, 1995 in Curacao. During that period of time, the Defendant or anyone on the owners behalf ever made up the shortfall between the negotiated amount and

7

the delivered amount nor was any of transportation fee returned.

The Defendant's case is similar to <u>United States vs. Crespo</u>, 982 F.2d 483 (11th Cir. 1993) where the Defendant negotiated a three to five kilogram cocaine transaction with another party. In all, the Defendant was only able to produce a 1/3 gram sample. There was no indication that the Defendant ever had access to the amount requested. The Court in <u>Crespo</u> found that the mere negotiation, without more, is insufficient to prove an ability to produce. Supra at 485.

In the instant case there is the good faith attempt of the Defendant to produce. However, his actions on the date of his offense plainly indicate that he did not have the ability to produce the amount requested and therefore, he should be held responsible for only the amount actually produced, to wit, 49.54 kilograms.

By holding the Defendant responsible for the amount actually delivered, his base offense level in ¶22 of the PSI would be lowered from 36 to 34.

WHEREFORE, the Defendant LUIS ALBERTO ASCANIO-BLANCO respectfully requests that this Court enter an order sustaining his objections to the PSI.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 6th day of September, 1996 to: BARBARA SCHWARTZ, ESQUIRE, Assistant United States Attorney, 99 N.E. 4th Street, Miami, Florida 33132 and to MS. ALINA VAZQUEZ, United States Probation Officer, 300 N.E. 1st Avenue, Room 315, Miami, Florida

8

33132-2126.

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Attorney for Defendant ASCANIO-BLANCO
Suite #328 - Southpark Centre
12651 South Dixie Highway
Miami, Florida 33156
Tel.: (305) 232-1949
Fax:  (305) 232-1963


By: PHILIP R. HOROWITZ, ESQUIRE
Florida Bar No.: 466557

9